UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Virgil A. Treece, | ) | C/A No. 3:08-03909-DCN-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| South Carolina Department of Mental | ) | |
| Health SCDMH, Sexually Violent Predator | ) | |
| Treatment Program, John McGill, Director, | ) | |
| Holly Scaturo, Cad Lominick, Cynthia | ) | |
| Helff, Shelly Winston, Lajoiner Amaker | ) | |
| Shelia Lindsay, Paula Price, Gaylen | ) | **ORDER & OPINION** |
| Sanders, Dr. Peggy Wadman, Dr. McKee, | ) | |
| Lt. Lewis-Charles, Sgt. Tillman, Corp. | ) | |
| Wertz, S/O Gunter, S/O Coit, Bryant | ) | |
| Morton, Robert Stevens, John Doe and | ) | |
| other unknown SCDMH employees each in | ) | |
| their individual capacity and under the color | ) | |
| of law and in their official capacity as | ) | |
| employees of the Department of Mental | ) | |
| Health Service, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on defendants' two motions to dismiss and plaintiff's motion for declaratory judgment. The magistrate judge addressed these three motions in his report and recommendation to the court. For the reasons set forth below, the court grants defendants' two motions to dismiss and denies plaintiff's motion for declaratory judgment.

**I.  Eleventh Amendment Immunity**

Defendants' first motion to dismiss requests that the South Carolina Department of Mental Health and the Sexually Violent Predator Treatment Program be dismissed as

1

defendants on the grounds they are both entitled to sovereign immunity under the Eleventh Amendment. The Eleventh Amendment provides, "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "Under the Eleventh Amendment . . . neither a state nor its officials in their official capacity may be sued for damages in federal court without their consent." Curry v. South Carolina, 518 F. Supp. 2d 661, 665 (D.S.C. 2007). Furthermore, Eleventh Amendment protection extends to state agencies. See Cash v. Granville County Bd. of Educ., 242 F.3d 219, 222 (4th Cir. 2001).

Unless the State of South Carolina has consented to suit, it has immunity pursuant to the Eleventh Amendment. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984). The State of South Carolina has not consented and has specifically denied this waiver to suit in federal court. Curry, 518 F. Supp. 2d at 666 (citing S.C. Code § 15-78-20(e)) ("Nothing in this chapter is construed as a waiver of the state's political subdivision's immunity from suits in federal court under the Eleventh Amendment to the Constitution of the United States nor as consent to be sued in any state court beyond the boundaries of the State of South Carolina."). Accordingly, the South Carolina Department of Mental Health is immune from suit in federal court, as it is a state agency. Williams v. Gintoli, 2004 WL 1474658, at *1 (D.S.C. 2004).

This court's research did not reveal any published authority where the Sexually Violent Predator Treatment Program was individually named as a defendant. However,

Eleventh Amendment immunity applies to subdivisions of state agencies. See LaSure v. Gore, 2009 WL 89679, at *2 (D.S.C. 2009) (affirming the magistrate judge's report and recommendation, which held that the public safety office is a subdivision of the Department of Mental Health and entitled to Eleventh Amendment immunity). Accordingly, the Sexually Violent Predator Treatment Program is also entitled to Eleventh Amendment immunity because it is a subdivision of the South Carolina Department of Mental Health.

**II.  Motion to Dismiss John Doe Defendants**

Defendants' second motion requests dismissal of the John Doe defendants based upon insufficiency of process and insufficiency of service of process. Defendants also move to dismiss the John Doe defendants on the grounds of lack of jurisidiction over the person, as the identities of these defendants are unknown. Lastly, defendants move to dismiss the John Doe defendants for failure to state facts sufficient to constitute a cause of action against them, to the extent that the identities of these defendants are unknown.

Plaintiff asserts that defendants' motion should be denied because he has not had time to conduct discovery to identify these defendants. This court recognizes that although designation of a "John Doe" defendant is not favored in the federal courts, it is permissible when the identity of the alleged defendant is not known at the time the complaint is filed and plaintiff could identify the defendant through discovery. See Shiff v. Kennedy, 691 F.2d 196, 197-98 (4th Cir. 1982).

The magistrate judge recommends that the court grant the motion to dismiss the John Doe defendants because plaintiff has not shown that he has served the John Doe

defendants or requested an extension of time to do so in accordance with Federal Rule of Civil Procedure 4(m). Magistrate Judge's Report and Recommendation at 9-10 (Report). Plaintiff filed his complaint on December 3, 2008. Rule 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Fed. R. Civ. P. 4(m). Furthermore, the court's local rules provide:

> In the event a pleading asserting a claim is not served on each party against whom a claim is asserted within one hundred twenty (120) days after filing of the pleading, the party asserting a claim shall advice in writing the Court and all parties previously served at the expiration of said one hundred twenty-day (120) day period of the identity of the party not served and why service has not been effected.

Local Civil Rule 4.01 D.S.C.

At this time, plaintiff still has not identified the John Doe defendants, nor has plaintiff made a motion to compel discovery regarding the John Doe defendants' identities. As stated by the magistrate judge, more than 120 days have passed and plaintiff has not shown that he has served the John Doe defendants, nor has he requested an extension of time to do so. Report at 10. Accordingly, defendants' motion to dismiss the John Doe defendants is granted.

### III. Motion for Declaratory Judgment

Plaintiff filed a motion for declaratory judgment requesting that the court determine whether he is protected by South Carolina Code Annotated § 44-48-10, or by the "Federal Congressional Standards Sec. 10841." He also asks whether defendants can prevent him from keeping "certain personal property." Plaintiff made these requests

persuant to Federal Rule of Civil Procedure 57.  Defendants argue that plaintiff cannot file a motion in which he asks for a declaratory judgment, that plaintiff's motion is essentially repetitive of his previously filed pleadings, and that plaintiff sets forth nothing to justify the granting of the relief sought.

"[A] party may not make a *motion* for declaratory relief, but rather, the party must bring an *action* for a declaratory judgment."  Kam-Ko Bio-Pharm Trading Co., Ltd.- Australia v. Mayne Pharma (USA), Inc., 560 F.3d 935, 943 (9th Cir. 2009) (quoting International Bhd. of Teamsters v. E. Conference of Teamsters, 160 F.R.D. 452, 456 (S.D.N.Y. 1995)).  As the magistrate judge noted, "the Federal Rules of Civil Procedure 'govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201.'"  Report at 8 (quoting Fed. R. Civ. P. 57).  As a result, "the requirements of pleading and practice in actions for declaratory relief are exactly the same as in other civil actions," including the requirement that "the action is commenced by filing a complaint."  Report at 8 (citing 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2768 (3d ed. 1998)).  Therefore, plaintiff's motion for declaratory judgment is denied.

Accordingly, the court **GRANTS** defendants' motion to dismiss the South Carolina Department of Mental Health and the Sexually Violent Predator Treatment Program as defendants, **GRANTS** the defendants' motion to dismiss the John Doe defendants, and **DENIES** plaintiff's motion for declaratory judgment.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON
CHIEF UNITED STATES DISTRICT JUDGE**

**March 24, 2010
Charleston, South Carolina**