UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Virgil A. Treece, | ) | C/A No. 3:08-03909-DCN-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| John McGill, Director, SCDMH | ) | |
| Holly Scaturo, Chad Lominick, Cynthia | ) | |
| Helff, Shelly Winston, Lajoiner Amaker | ) | |
| Sheila Lindsay, Paula Price, Gaylen | ) | **ORDER & OPINION** |
| Sanders, Dr. Peggy Wadman, Sgt. | ) | |
| Janice Tillman, S/O Willy Gunter, | ) | |
| S/O Stan Coit, Bryant Morton, and Robert | ) | |
| Stevens, each in their individual capacity | ) | |
| and under the color of law and in their | ) | |
| official capacity as employees of the | ) | |
| Department of Mental Health Services, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on plaintiff's constitutional and statutory claims arising from his involuntary commitment in the Sexually Violent Predator Treatment Program (SVPTP) at the South Carolina Department of Mental Health (SCDMH). Defendants have filed a motion for summary judgment, to which plaintiff has responded in opposition. Plaintiff has filed a motion to dismiss and a motion to stay. The record includes a report and recommendation of the United States magistrate judge made in accordance with 28 U.S.C. § 636(b)(1)(B). Plaintiff has filed objections to the report and recommendation. For the reasons set forth below, the court adopts and affirms the magistrate judge's report and recommendation and grants defendants' motion for summary judgment. The court denies plaintiff's motions to dismiss and to stay.

1

# I.  BACKGROUND

Plaintiff is involuntarily committed to the SVPTP as a sexually violent predator pursuant to the South Carolina Sexually Violent Predator Act (SVPA).  See S.C. Code Ann. § 44-48-10.  Plaintiff filed this pro se action pursuant to 42 U.S.C. § 1983 in December 2008, alleging that his constitutional rights have been violated.  Plaintiff has asserted numerous claims challenging the conditions of his present commitment within the program.  Plaintiff alleges constitutional violations involving his medical care, access to the courts, living conditions, food service, and First Amendment rights, amongst others.  Plaintiff also alleges several statutory claims, including claims under the Americans with Disabilities Act, the South Carolina Rights of Mental Health Patients, and the Civil Rights of Institutionalized Persons Act.  Plaintiff requests declaratory and injunctive relief, monetary damages, and attorneys' fees.

On May 26, 2009, defendants SVPTP and SCDMH filed a motion to dismiss, and the John Doe defendants filed a separate motion to dismiss.  On August 24, 2009, plaintiff filed a motion for a declaratory judgment.  By order dated March 24, 2010, the court granted the SVPTP and SCDMH motion to dismiss, as well as the John Doe defendants' motion to dismiss.  The court denied plaintiff's motion for a declaratory judgment.  Defendants filed a motion for summary judgment on October 13, 2009, to which plaintiff responded on November 24, 2009.  Plaintiff filed a motion to dismiss on October 19, 2009, and he filed a motion to stay on November 25, 2009.  The magistrate judge has recommended that defendants' motion for summary judgment be granted and that plaintiff's motions to dismiss and to stay be denied.

## II. STANDARD OF REVIEW

This court must conduct a de novo review of any portion or portions of the magistrate judge's report to which an objection is made, and may accept, reject, or modify the recommendations contained therein. 28 U.S.C. § 636(b)(1). However, review by this court of findings or recommendations to which no party objects is not necessary. Thomas v. Arn, 474 U.S. 140, 150 (1985). A party's failure to object constitutes an acceptance of the magistrate judge's findings and recommendations. United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984) (adopting interpretation of 28 U.S.C. § 636 which conditions appeal from a district court's judgment on magistrate judge's recommendation on party's filing of objections with district court). A general objection which is not "sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute" is inadequate to obtain district court review. Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003) (citation omitted).

## III. PRO SE PETITIONS

Plaintiff is proceeding pro se in this case. Pro se complaints should be construed liberally by this court and are held to a less stringent standard than those drafted by attorneys. See Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), cert. denied, 439 U.S. 970 (1978). A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. See Hughes v. Rowe, 449 U.S. 5, 9 (1980). Liberal construction, however, does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. See Weller v. Dep't of Social Services, 901 F.2d 387, 390-91 (4th Cir.

1990).

## IV.  DISCUSSION

### A.  Plaintiff's Motion to Dismiss

Federal Rule of Civil Procedure 41(a)(2) provides, in pertinent part, "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).  This rule, then, permits a plaintiff to dismiss his case without prejudice but requires that the plaintiff get court approval.  See Marex Titanic, Inc. v. Wrecked & Abandoned Vessel, 2 F.3d 544, 546 (4th Cir. 1993).  The main purpose of the rule is to freely permit voluntary dismissals while safeguarding the nonmovant from prejudice.  Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987).

Generally, a plaintiff's motion for voluntary dismissal without prejudice under Rule 41(a)(2) should not be denied unless the defendant will suffer prejudice.  See Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir. 1997); Phillips v. Illinois Cent. Gulf R.R., 874 F.2d 984, 986 (5th Cir. 1989); Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986); McCants v. Ford Motor Co., Inc., 781 F.2d 855, 856-57 (11th Cir. 1986).  "Factors a district court should consider in ruling on such motions are:  (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Gross v. Spies, 133 F.3d 914 (Table), at *5 (4th Cir. Jan. 13, 1998) (citing Phillips USA, Inc. v. Allflex USA, Inc., 77 F.3d 354, 358 (10th Cir. 1996); Grover v. Eli

4

Lilly & Co., 33 F.3d 716, 718 (6th Cir. 1994); Paulucci v. City of Duluth, 826 F.2d 780, 783 (8th Cir. 1987)). These factors do not represent an exhaustive list, however, and any other case-specific factors should be considered by the district court. Id. (citing Ohlander, 114 F.3d at 1537). "Courts generally agree, however, that the mere prospect of a second lawsuit is not sufficient prejudice to justify denying a motion for voluntary dismissal." Id. (citing Grover, 33 F.3d at 718; Paulucci, 826 F.2d at 782; Davis, 819 F.2d at 1275). Similarly, "the possibility that the plaintiff will gain a tactical advantage over the defendant in future litigation will not serve to bar a second suit." Davis, 819 F.2d at 1275.

In his motion to dismiss, plaintiff asserts that his motion should be granted because the case is overly burdensome and he lacks what he deems the necessary resources to prosecute it. Plaintiff concludes that he "is in way over his head." In the court's view, these are hardly meritorious reasons for granting a voluntary dismissal at this stage in the litigation. After all, plaintiff chose to file this action, and he chose what causes of action to bring. Plaintiff could have culled some of his claims to make the case less "burdensome," but he elected not to do so. Moreover, plaintiff's timing in filing his motion is troubling not only because it shows lack of diligence on his part, but because it reflects the fact that he waited until after defendants filed their motion for summary judgment, which itself represents a significant and costly undertaking.[1] And defendants' motion for summary judgment came after they had already expended significant expense

---

[1] Defendants' motion for summary judgment alone consists of a thirty-five-page brief plus over a dozen exhibits.

and effort in this litigation. Under these circumstances, the court finds that plaintiff's motion to dismiss without prejudice must be denied.

### B. Plaintiff's Motion to Stay

On November 25, 2009, plaintiff filed a motion to stay this case because staff members of the SVPTP confiscated a computer disk that may have been contraband. Plaintiff claims the disk contains legal materials that he requires to effectively prosecute his case. However, plaintiff has pointed to no specific way in which his lack of access to the disk has thwarted his litigation strategy. Indeed, it appears from the filings plaintiff has made since filing his motion to stay that he has not encountered any obstacles in prosecuting his case or in parrying defendants' motions. Moreover, SVPTP personnel, after checking the disk for contraband material, have since returned the disk to plaintiff. Therefore, plaintiff's motion to stay is denied.

### C. Defendants' Motion for Summary Judgment

Summary judgment is appropriate when, after considering the full evidentiary record, there are no genuine issues of material fact. Fed. R. Civ. P. 56(c). When the party moving for summary judgment does not bear the ultimate burden of persuasion at trial, the burden for summary judgment may be discharged by "pointing out to the court that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Evidence should be viewed in the light most favorable to the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, a "mere scintilla" of evidence will not preclude summary judgment. The court's inquiry is "not whether there is literally no evidence, but whether there is any

[evidence] upon which a jury could properly . . . find a verdict for the party" resisting summary judgment. Id. at 251. Verified complaints by pro se litigants are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

The magistrate judge has recommended that this court grant defendants' motion for summary judgement. Plaintiff has filed objections to the magistrate judge's report. The court has carefully reviewed the report and the objections, as well as the pleadings, briefs, supporting affidavits and applicable case law, and finds no error in the magistrate judge's report. There is no dispute that plaintiff is civilly committed pursuant to S.C. Code Ann. § 44-48-10. As set forth in the magistrate judge's report, an involuntarily committed person's conditions of confinement are subject to the standards set forth in Youngberg v. Romeo, 457 U.S. 307 (1982). As the court notes below, Bell v. Wolfish, 441 U.S. 520 (1979), also applies. This court adopts the report and affirms the magistrate judge's finding that plaintiff fails to set forth disputed material facts sufficient to maintain any colorable constitutional or statutory claim against defendants.

Because the gravamen of plaintiff's complaint appears to be his living conditions where he is committed, the court will briefly address some of the issues related to his living conditions that plaintiff raised in his objections. The Supreme Court has held that involuntarily committed individuals retain a constitutional right to reasonably nonrestrictive confinement conditions. Youngberg, 457 U.S. at 324. In fact, "[p]ersons who have been involuntarily committed are entitled to more considerate treatment and

7

conditions of confinement than criminals whose conditions of confinement are designed to punish." Id. at 321-22. A civilly committed individual under the SVPA most closely resembles the custody status of a pre-trial detainee. See LaSure v. Doby, 2007 WL 1377694, *5 (D.S.C. May 8, 2007) (citations omitted).

A pre-trial detainee's constitutional claims are governed under the Due Process Clause of the Fourteenth Amendment. See generally Bell, 441 U.S. at 535 n.16. "The due process rights of a pretrial detainee are at least as great as the [E]ighth [A]mendment protections available to the convicted prisoner . . . ." Martin v. Gentile, 849 F.2d 863, 870 (4th Cir. 1988); see Kollyns v. Watson, 2006 WL 2716426, *5 (D.S.C. Sep. 22, 2006) (holding that the "standard applicable to SVPs is at least coextensive with that applicable to prisoners under the Eighth Amendment").

In Farmer v. Brennan, 511 U.S. 825 (1994), the Supreme Court defined "deliberate indifference" under the Eighth Amendment:

> [A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. This approach comports best with the text of the Amendment as our cases have interpreted it. The Eighth Amendment does not outlaw cruel and unusual "conditions"; it outlaws cruel and unusual "punishments." An act or omission unaccompanied by knowledge of a significant risk of harm might well be something society wishes to discourage, and if harm does result society might well wish to assure compensation. The common law reflects such a concern when it imposes tort liability on a purely objective basis.... But an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment.

Id. at 837-38 (internal citations omitted).

In the present case, plaintiff alleges various deficient living conditions, including, but not limited to, inadequate food, substandard medical care, and insufficient sex offender treatment programs. All of plaintiff's claims fail because his allegations do not demonstrate any deprivation of a constitutional magnitude. To succeed on any Eighth Amendment claim regarding conditions of confinement, a plaintiff must prove: (1) objectively, the deprivation of a basic human need was sufficiently serious, and (2) subjectively, the prison officials acted with a "sufficiently culpable state of mind." Wilson v. Seiter, 501 U.S. 294, 298 (1991); Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In order to demonstrate an extreme deprivation, an individual "must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." See Strickler v. Waters, 989 F.2d 1375, 1381 (4th Cir. 1993). Without such showing, a plaintiff must demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions. See Rish v. Johnson, 131 F.3d 1092, 1096 (4th Cir. 1997). Plaintiff has failed to show either injury or a substantial risk of serious harm based upon the challenged conditions. His unsupported allegations of unspecific harm are not sufficient to state a claim of constitutional magnitude. Accordingly, plaintiff's claims fail.

## V. CONCLUSION

Having conducted the required de novo review of those portions of the magistrate judge's report to which plaintiff objected, the court **ADOPTS** and **AFFIRMS** the magistrate judge's report and recommendation. Plaintiff's motions to dismiss and to stay are **DENIED**. Defendants' motion for summary judgment is **GRANTED**.

9

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**September 21, 2010**
**Charleston, South Carolina**